1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KELLY MARIE BARNES,                    No.  2:18-CV-0611-DMC

12                    Plaintiff,

13          v.                               <u>MEMORANDUM OPINION AND ORDER</u>

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                      Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Pursuant to the written consent of all parties (ECF Nos. 9 and 11), this case is before the

21    undersigned as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28

22    U.S.C. § 636(c).  Pending before the court are the parties' briefs on the merits (ECF Nos. 20 and

23    24).[1]

24    / / /

25    / / /

26    / / /

27    _____

            [1]       Defendant's opening brief is styled as a motion for voluntary remand and
28    opposition to plaintiff's brief.  According to defendant, the parties were unable to agree on terms
      of a voluntary remand by stipulation.

                                          1

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

/ / /

2

| | | |
|---|---|---|
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock

3

1 | v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

2

3 ## II.  THE COMMISSIONER'S FINDINGS

4 Plaintiff applied for social security benefits on June 4, 2014.  See CAR 17.[2]  In the

5 application, plaintiff claims disability began on January 1, 2008.  See id.  Plaintiff's claim was

6 initially denied.  Following denial of reconsideration, plaintiff requested an administrative

7 hearing, which was held on March 8, 2017, before Administrative Law Judge (ALJ) Peter F.

8 Belli.  In an April 19, 2017, decision, the ALJ concluded plaintiff is not disabled based on the

9 following relevant findings:

10
1. The claimant has the following severe impairment(s): insomnia,
   incontinence, depression, bipolar disorder, and anxiety disorder;
11

12
2. The claimant does not have an impairment or combination of
   impairments that meets or medically equals an impairment listed in
   the regulations;
13

14
3. The claimant has the following residual functional capacity: the
   claimant can perform medium work; she can lift and carry 50
15 pounds occasionally and 20 pounds frequently; she can push and
   pull as much as she can lift and carry; she can sit 8 hours in an 8-
   hour workday; she can stand and/or walk 6 hours in an 8-hour
16 workday; she can occasionally climb ladders, ramps, or scaffolds;
   she cannot have concentrated exposure to dust, fumes, or gases;
17 she is able to understand, carry out, and remember simple jobs; she
   can occasionally understand, carry out, and remember detailed but
18 never complex instructions; she is able to interact with the general
   public, co-workers, and supervisors; she is able to maintain
19 attendance and work schedules; she is able to adjust to simple
   changes in the workplace; and she is able to make simple
20 workplace judgments;

21
4. Considering the claimant's age, education, work experience,
   residual functional capacity, and vocational expert testimony, the
22 claimant is capable of performing her past relevant work and of
   making an adjustment to other jobs that exist in significant
23 numbers in the national economy.

24 See id. at 19-29.

25 After the Appeals Council declined review on February 23, 2018, this appeal followed.

26 / / /

27

28
[2]     Citations are the to the Certified Administrative Record (CAR) lodged on
November 6, 2018 (ECF No. 16).

4

# III.  DISCUSSION

In her opening brief, plaintiff argues the ALJ erred throughout the sequential evaluation process and requests the court remand for calculation and payment of benefits, not further disability determination proceedings.  In response, defendant concedes error and agrees a remand is appropriate.  Specifically, defendant "agrees that the ALJ did not adequately evaluate evidence relating to Plaintiff's urinary incontinence," such as plaintiff's subjective statements and the medical evidence.   Defendant, however, opposes a remand for calculation and payment of benefits.  Rather, defendant contends the matter should be remanded for further proceedings to determine whether plaintiff is disabled.

The parties agree the ALJ's analysis is flawed and that a remand is necessary.  The dispute centers on the nature of that remand – defendant seeks a remand for further proceedings limited to the issue of plaintiff's urinary incontinence and contends all other issues are rendered moot; plaintiff seeks a remand for payment of benefits without any further proceedings to determine disability.

At the outset, the court notes that defendant's position is somewhat inconsistent.  Defendant encourages this court to conclude the claims raised by plaintiff other than those relating to urinary incontinence are rendered moot by a limited remand.  Presumably, defendant is keen to avoid an adverse decision from this court on errors defendant does not concede.  Though defendant would have the court declare issues mooted by a remand, defendant also seeks a remand limited to a single impairment.  These positions are incompatible because a remand limited to the urinary incontinence issue would not necessarily render all of plaintiff's other claims related to the current decision moot.  Therefore, to the extent the court concludes such a remand is appropriate, the remand will not be limited.

The remaining issue for this court is whether the case should be remanded for further disability determination proceedings or for calculation and payment of benefits.  Plaintiff contends:

> 42 U.S.C. § 405(g), sentence four, gives this Court the discretion to direct a finding of disability and remand solely for calculation and payment of benefits. Most often, the analysis over how to remand centers

around the "credit as true" rule. Under the "credit as true rule" remand solely for calculation of benefits is appropriate when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F. 3d 995, 1020 (9th Cir. 2014).

According to defendant:

. . .Circuit law allows a court to credit certain evidence as "true" and award benefits under very limited circumstances. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017), as amended (Jan. 25, 2018) ("An automatic award of benefits in a disability benefits case is a *rare and prophylactic exception* to the well-established ordinary remand rule.") (emphasis added); *Treichler*, 775 F.3d at 1099 (remand for further proceedings is "the proper course, except in rare circumstances" in Social Security cases). Specifically, a court may credit certain evidence as "true" and award benefits if: (1) an ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues on which further proceedings in the administrative court would be useful; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014); *Leon*, 880 F.3d at 1044–45; *Treichler*, 775 F.3d at 1103–04. A claimant, however, "is not entitled to benefits under the statute unless [she] *is, in fact, disabled*, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011) (emphasis added); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, *not the agency's legal error.*") (emphasis added). As such, courts *must* remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014); *Burrell*, 775 F.3d at 1141 (there is *no need* to evaluate whether "the three preliminary requirements" of the rule are met if the record contains "serious doubt" that the claimant is disabled).

The court does not find a remand for an award of benefits is warranted because there remain issues to be developed. In particular, and as the parties agree, issues regarding plaintiff's urinary incontinence have not been adequately resolved. For this reason, the court will remand this matter for further proceedings.

/ / /

/ / /

/ / /

/ / /

6

1

2                                      **IV.  CONCLUSION**

3              For the foregoing reasons, this matter will be remanded under sentence four of 42

4       U.S.C. § 405(g) for further development of the record and/or further findings.

5              Accordingly, IT IS HEREBY ORDERED that:

6              1.       Plaintiff's motion for summary judgment (ECF No. 20) is granted in part

7       and denied in part;

8              2.       Defendant's motion for remand (ECF No. 24) is granted in part and denied

9       in part;

10             3.       The Commissioner's final decision is reversed and this matter is remanded

11      for further proceedings consistent with this order; and

12             4.       The Clerk of the Court is directed to enter judgment and close this file.

13

14

15      Dated:  August 7, 2019

16                                                      _____

17                                                      DENNIS M. COTA
                                                        UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28